IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05-CV-60

| | | |
|---|---|---|
| Karl B. Patterson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Infinity Broadcasting Corporation | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Defendant Infinity Broadcasting Corporation's

Motion to Dismiss pursuant to Rule 41(b), Fed. R. Civ. P., and Local Rule 7.2, for failure to

prosecute and failure to comply with a Court order. (Document #8). For the reasons set forth

below, Defendant's motion is GRANTED.


**I. BACKGROUND**

Plaintiff Karl B. Patterson ("Patterson") is seeking damages for violations of 42 U.S.C. §

1981 ("Section 1981"), 42 U.S.C. § 2000(e), *et. seq.* ("Title VII"), 29 U.S.C. § 621, *et. seq.*

("ADEA"), 29 U.S.C. § 201, *et. seq.* ("FLSA"), and North Carolina state law. Patterson alleges

Defendant Infinity Broadcasting Corp., a/k/a CBS Broadcasting ("CBS") unlawfully

discriminated against him on the basis of his race and age, failed to timely pay him overtime, and

unlawfully terminated him, thus breaching an implied contract of employment.

On October 12, 2004, Patterson filed this action in the Northern District of Georgia,

Atlanta Division, Civil Action No. a:04-CV-2970. Thereafter, on February 7, 2005, the parties

filed a Consent Motion for Transfer of Venue.  Patterson agreed to the transfer of venue to the

Western District of North Carolina and to amend his complaint following the transfer.  As one of

the conditions in the transfer, Patterson agreed to amend his Complaint to add Defendant Infinity

Radio Holding, Inc. ("IRH"), the holding corporation for Infinity Broadcasting Corporation.  On

February 8, 2005, the Georgia Court entered an order transferring the case to the Western District

of North Carolina and stated "the Agreement to Transfer Venue signed between the parties be

and is hereby enforceable as an Order of the Court."  On February 25, 2005, Plaintiff's counsel

filed a motion for admission *pro hac vice,* which the Court granted on March 2, 2005.

In 2005, Patterson's counsel advised him that she would no longer be able to represent

him and encouraged him to seek local counsel.  Since that time, Patterson has not been in contact

with the undersigned counsel.  It has been over two years since Patterson filed his last motion.

Furthermore, Patterson has not amended his Complaint nor taken any action with respect to this

lawsuit for twenty-six months.

## II. DISCUSSION

Rule 41(b) provides that a court may dismiss an action upon motion of one of the parties

"for failure of the plaintiff to prosecute or to comply with these rules or any order of court."

FED. R. CIV. P. 41(b) 2006.  Additionally, this Court has the inherent power to dismiss a case

for failure to prosecute in a reasonably timely manner.  Link v. Wabash R. Co., 370 U.S. 626

(1962).

### A.  Failure to Prosecute

Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules

or any order of court, a defendant may move for dismissal of an action or of any claim against the

defendant.  FED. R. CIV. P. 41(b) (2006).  To dismiss an action under Rule 41(b), the Fourth

Circuit has articulated four factors to be considered: 1) the degree of personal responsibility on the part of the plaintiff; 2) the amount of prejudice to the defendant caused by the delay; 3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and 4) the effectiveness of sanctions less drastic than dismissal. Hillig v. Commissioner, 916 F.2d 171, 174 (4th Cir. 1990). The Court need not rigidly apply these factors:

> The enunciated criteria do not represent a rigid balancing test or specific facts that must be found before involuntary dismissal is appropriate. Rather, 'the propriety of a dismissal of the type involved here depends on the particular circumstances of the case.'

Medlin v. Trull, No. 3:03CV269, 2006 WL 435941, at *1 (W.D.N.C. Feb. 21, 2006) (dismissing case after two years of inactivity)..

With respect to the first element, the Court must consider the plaintiff's degree of responsibility. This Court has granted motions to dismiss under Rule 41(b) even when the plaintiff bears no personal responsibility for the delay because the Court found that such blamelessness does not prevent dismissal. Id. Here, Plaintiff Patterson cannot be considered blameless for such delay since Patterson has not been in contact with his counsel since 2005. (Plaintiff's Opposition Document # 11, p. 2). Patterson's counsel advised him that she would no longer be able to represent him, encouraging him to locate North Carolina counsel; however, Patterson has not sought new counsel, nor has he been in contact with the undersigned. Id.

Patterson's justification for the twenty-six month delay is based on an alleged phone conversation held between Patterson's counsel and CBS' counsel. (Plaintiff's Opposition Document # 11, p. 2). During the alleged phone conversation, Patterson argues that CBS agreed that there was no particular need to prosecute this case with any concern regarding time constraints. Id. CBS contends that no agreement exists to excuse Patterson's two-year delay. (Defendant's Reply Document # 12, p. 2). CBS further argues that Patterson's contention is unsupportable, and it is

unreasonable to expect the Court, the parties, and counsel to wait over two years without going forward. Id.

Additionally, Patterson's failure to comply with the Northern District of Georgia's February 8, 2005 Order is indicative of his culpability. Patterson argues that he was not given a warning that he would be deemed to have failed to follow a court order if he did not take action within a specified period of time. (Plaintiff's Opposition Document #11, p. 7). This Court has determined that prior notice is not a requirement prior to a Rule 41(b) dismissal. See, *e.g.*, Order entered Dec. 18, 2002 in McKinnon v. Pendergraph, Case No. 3:00CV620 (W.D.N.C. Dec.18, 2002) (Doc. No. 9-7), aff'd Fed. App'x 163 (4th Cir. 2003). Patterson's conduct, or lack thereof, indicates little, if any, personal interest in moving this case forward.

With respect to the second factor, the Court must consider the prejudice to the defendant caused by the delay. Patterson's employment termination occurred in July 2003, almost four (4) years ago. (Defendant's Memo Document # 9, p. 9). Since the time of filing, a number of fellow employee witnesses have left CBS' employment and may be difficult to locate. The loss of witnesses may hamper CBS' ability to defend itself against Patterson's claims. Additionally, courts have recognized the difficulties in defending a case due to inevitable memory fade over time. See McKinnon v. Pendergraph, Case No. 3:00CV620 (W.D.N.C. Dec. 18, 2002) (granting motion dismissing case after twenty-three (23) months of inactivity).

With respect to the third factor, the Court must consider whether the history of the case shows a pattern of deliberate delay. The Fourth Circuit does not require precise evidence of intentional delay, thus allowing an inference to be drawn from the record. See Medlin, 2006 WL 435941 at *2. The last contact from Patterson was a February 25, 2005 letter to the Court's Clerk seeking admission *pro hac vice.* Again, Patterson offers no explanation for over two years of

inactivity. CBS relies on this Court's recent dismissal pursuant to Rule 41(b) in <u>Medlin</u>, where this Court inferred that the plaintiff's conduct had been purposeful when the plaintiff failed to take even the most basic steps to prosecute his claim. See <u>Id.</u> Accordingly, it may be inferred from Patterson's conduct that he has been purposeful in this delay.

Finally, the court must consider whether sanctions less drastic would serve the interests of justice. The Fourth Circuit has affirmed dismissals for shorter periods of inactivity. See <u>Medlin</u>, 2006 WL 435941, at *2 (citing <u>McKinnon</u>, 75 F. App'x at 163 (affirming dismissal after twenty-three (23) months of inactivity). Patterson has failed to prosecute his claims for over two years; therefore, dismissal is the appropriate remedy.

### B. Pursuant to the Court's Inherent Power

The Supreme Court has held federal courts have inherent authority to dismiss a lawsuit for failure to prosecute. See <u>Link</u>, 370 U.S. 610-31. The Fourth Circuit has recognized this inherent power to dismiss actions. See, *e.g.*, <u>U.S. v. Moussaoui</u>, __ F.3d __, 2007 WL 755276 (4th Cir. March 14, 2007); <u>Eriline Co. S.A. v. Johnson</u>, 440 F.3d 648 (4th Cir. 2006); <u>United States v. Shaffer Equip. Co.</u>, 11 F.3d 450, 462 (4th Cir. 1993). "Aside from the interests of the individual parties in a lawsuit, a district court has an important interest in keeping its docket from becoming clogged with dormant cases." <u>Eriline</u>, 440 F.3d at 654. Here, Patterson has not taken any action to further this lawsuit in over two (2) years, thus allowing his case to become dormant.

Each one of the four factors militates in favor of dismissal for failure to prosecute under both Rule 41(b) and the Court's inherent power to do so.

**IT IS ORDERED** that Defendant Infinity Broadcasting Corporation's Motion to Dismiss for failure to prosecute and failure to comply with a court order is **GRANTED**.

Signed: June 13, 2007

Graham C. Mullen
United States District Judge